66 F.3d 317
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald Alan PRICE, Defendant-Appellant.
 No. 94-5346.
 United States Court of Appeals, Fourth Circuit.
 Sept. 14, 1995.
 
 Joseph S. Lyons, Turnbull, Wase & Lyons, P.A., Towson, MD, for appellant.
 Lynne Ann Battaglia, U.S. Atty., Andrew George Warrens Norman, Asst. U.S. Atty., Baltimore, MD, for appellee.
 Before WIDENER, HALL and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Reginald Alan Price pled guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) (1988); and one count of using and carrying a firearm during the course of a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c) (West Supp.1995). The district court determined Price's base offense level for violation of Sec. 841(a)(1) to be 32 after finding that Price was responsible for 64.3 grams of crack cocaine. See United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1 (Nov.1993). The court granted a two-level downward adjustment to level 30 pursuant to USSG Sec. 3E1.1(a) for Price's acceptance of responsibility. The court granted another two-level downward adjustment to level 28 pursuant to USSG Sec. 5K1.1 for Price's substantial assistance to the Government in connection with other criminal matters. The district court granted a downward adjustment in determining Price's criminal history category and found Price's guideline range for count one was ninety-seven to one hundred twenty-one months. The court sentenced Price to ninety-seven months imprisonment for count one and a consecutive sixty months imprisonment for count three as required by Sec. 924(c). See USSG Sec. 2K2.4.
 
 
 2
 On appeal, Price's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing one issue but stating that, in his view, there are no meritorious issues for appeal. Although given an opportunity, Price has not filed a pro se supplemental brief. The Government has declined to file a responding brief.
 
 
 3
 In his Anders brief, Price's counsel suggests that the 100-to-1 ratio the guidelines* ascribe as equivalent drug weights of crack and powder cocaine violates equal protection principles. Because Price did not raise this issue at his sentencing hearing, he has forfeited appellate consideration of the issue absent plain error. See United States v. Grubb, 11 F.3d 426 (4th Cir.1993). We find no plain error. See United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993). This court
 
 
 4
 unequivocally held that the 100-to-1 ratio is rationally related to a legitimate government end because crack is a greater threat to society. United States v. Bynum, 3 F.3d 769, 774 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3552 (U.S.1994). Furthermore, we find that the district court correctly applied the sentencing guidelines in sentencing Price.
 
 
 5
 We have examined the entire record in this case in accordance with the requirements of Anders and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 6
 The district court's judgment is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 *
 USSG Sec. 2D1.1; see also 21 U.S.C. Sec. 841 (1988) (providing for certain mandatory minimum sentences using the same 100-to-1 ratio)